# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**CHYRIE HOWARD,**

    **Plaintiff,**

    v.

**GOOD SAMARITAN HOSPITAL,**

    **Defendant.**

Case No. 1:21-cv-160
**JUDGE DOUGLAS R. COLE**
Magistrate Judge Litkovitz

## OPINION AND ORDER

This cause comes before the Court on the Magistrate Judge's March 17, 2021, Report and Recommendation ("R&R") (Doc. 4). The Magistrate Judge recommends that the Court dismiss with prejudice Plaintiff Chyrie Howard's Complaint (Doc. 3). For the reasons stated more fully below, the Court **ADOPTS** the R&R (Doc. 4) to the extent that the Court **DISMISSES** Howard's Complaint (Doc. 3), but does so **WITHOUT PREJUDICE**. The Court further **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

The Court starts by noting that the R&R advised Howard and Defendant Good Samaritan Hospital that failing to object within 14 days could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 4, #202). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, the deadline for objection

was March 31, 2021. That date has long since passed, and neither party objected, nor did they seek additional time to do so.

Nonetheless, although no party objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Mavrakis v. Warden*, No. 5:17-cv-2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r of Soc. Sec.,* No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505-TLP-cgc, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same). In discharging that obligation, the Court, while largely adopting the R&R's proposed outcome, concludes that it must depart slightly from the specific relief the R&R suggests.

Chyrie Howard filed this Complaint pro se and in forma pauperis on March 17, 2021, alleging that she received inadequate treatment at Good Samaritan Hospital. (*See* Doc. 3). The factual allegations read, in their entirety:

> Was seen at Good Samaritan Hospital after ER visit for follow up and was only treated for my head and left wrist injury. Was not set up for therapy. I was experiencing pain in other joints and or body as well.

(*Id.* at #106). The Magistrate Judge, relying on her screening obligation for in forma pauperis complaints under 28 U.S.C. § 1915(e)(2), reviewed the Complaint and determined that this Court lacks subject matter jurisdiction over the claim Howard is pressing. Specifically, the R&R construed the Complaint to allege a medical malpractice claim, which is a state law claim. (R&R, Doc. 4, #200). While federal courts can hear state law claims under diversity jurisdiction, *see* 28 U.S.C. § 1332,

that statute requires complete diversity among the parties and an amount in controversy exceeding $75,000, both of which the R&R found that the Complaint failed to allege. (*Id.*).[1] As for federal question jurisdiction, *see* 28 U.S.C. § 1331, even construing the Complaint liberally, the Magistrate Judge could not glean a federal cause of action. (*Id.* at #201). Having reviewed the Complaint, neither can this Court. Thus, the Court agrees with the R&R's conclusion that this Court lacks subject matter jurisdiction over the action.

But there is an additional wrinkle. The statute that authorizes sua sponte screening of in forma pauperis proceedings, 28 U.S.C. § 1915(e)(2), permits dismissal of such an action "at any time if the court determines that" the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief" from an immune defendant. None of the three categories expressly includes reference to a lack of subject matter jurisdiction. Nonetheless, it seems many courts appear to understand § 1915(e)(2) to include screening for lack of subject matter jurisdiction. *See, e.g., Brown v. Lorain Cnty. Sheriff's Off.,* No. 1:21 CV 1643, 2021 WL 5770423, at *3 (N.D. Ohio Dec. 6, 2021) ("[T]his action is dismissed pursuant to 28 U.S.C. § 1915(e) for lack of subject matter jurisdiction."); *Brogue v. Brennan*, No. 18-CV-11371, 2018 WL 10809998, at *2 (E.D. Mich. June 5, 2018); *Kiel v. Dep't of*

---

[1] Howard's prayer for relief includes no mention of monetary damages, but only what appears to be injunctive relief. (*See* Compl., Doc. 3, #107). While the value of injunctive relief may be considered in determining the amount in controversy, that is only so where the value is "ascertainable." *Crocker Park, LLC v. Lucky Brand Dungarees Store, Inc.*, No. 1:08-CV-2127, 2008 WL 4746086, at *2 (N.D. Ohio Oct. 24, 2008) (citing *Basicomputer Corp. v. Scott*, 973 F.2d 507, 509–10 (6th Cir. 1992)). Here, the Court is unable to ascertain the value to Howard of having her physicians involved in her healthcare or having a "safe and adequate safety care plan." (*See* Compl., Doc. 3, #107).

*Veterans Affs.*, No. 3-:09-cv-433, 2009 WL 5168055, at *1–2 (S.D. Ohio Dec. 18, 2009) (adopting R&R and dismissing "under § 1915(e)(2)(B)(ii) because [the court] lack[ed] subject matter jurisdiction"). At the same time, though, at least one court in this circuit has come to a contrary conclusion, finding that the lack of subject-matter jurisdiction in turn means that the court lacks authority even to undertake the screening that § 1915(e)(2) requires. *See Long v. Equifax, Inc.*, No. 5:20-CV-362, 2020 WL 1493858, at *4 n.5 (N.D. Ohio Mar. 27, 2020) ("Because the Court lacks subject matter jurisdiction, the Court lacks authority to conduct a screening pursuant to 28 U.S.C. § 1915(e) ….").

The Sixth Circuit, meanwhile, has implied some support for the former position, *see Briscoe v. Jackson*, 285 F. App'x 205, 207 (6th Cir. 2008), but the scope of authority granted by § 1915(e)(2) was not the *Briscoe* court's central focus. Likewise, in *Carlock v. Williams*, 182 F.3d 916 (6th Cir. 1999), the Sixth Circuit suggested that an apparent lack of subject-matter jurisdiction warrants dismissal on the bases of *both* § 1915(e)(2) *and* Fed. R. Civ. P. 12(h)(3), but without discussing the specifics of the overlap between the two. Similarly, other circuits have affirmed district court decisions that relied on § 1915(e)(2) to dismiss in forma pauperis cases for lack of subject-matter jurisdiction, again, though, without directly discussing whether the statute allows for such screening. *See, e.g.*, *Straw v. Harris*, 828 F. App'x 725, 726 (D.C. Cir. 2020) (per curiam) ("The district court properly dismissed the case for failure to state a claim on which relief can be granted and for lack of subject-matter jurisdiction."); *Wereko v. Haracz*, No. 21-1574, 2021 WL 3778722 (7th Cir.

4

Aug. 26, 2021) ("The district judge screened Wereko's complaint under 28 U.S.C. § 1915(e)(2) and dismissed it for lack of subject-matter jurisdiction."); *Shields v. United States*, 858 F. App'x 427, 428 (2d Cir.), cert. denied, 142 S. Ct. 409 (2021) (affirming district court order dismissing action under 28 U.S.C. § 1915(e)(2)(B) for lack of subject-matter jurisdiction).

As the above citations evidence, the vast majority of case law appears to agree, at least tacitly, that § 1915(e)(2)'s screening function includes the ability to screen for lack of subject matter jurisdiction. And that makes some sense. After all, one point of the screening is to ensure that frivolous cases do not go forward, and a case in which the federal court clearly lacks subject matter jurisdiction seems to fit that bill. *See James v. Salpietro*, No. 3:21-CV-486, 2021 WL 2688523, at *1 (N.D. Ohio June 30, 2021) ("Jurisdictional defects can render a case frivolous and subject to dismissal under § 1915(e)(2)(B)." (citing *Perry v. Broad. Music, Inc.*, 23 F. App'x 210, 211 (6th Cir. 2001))).

But, even if subject matter jurisdiction concerns do not fall within the ambit of § 1915(e)(2)'s screening function, that ends up largely irrelevant as a practical matter. That is because federal courts have an ongoing "duty to consider their subject matter jurisdiction … and may raise the issue *sua sponte*." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted). And "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As discussed above, the R&R correctly concluded that Howard failed to allege any proper

basis for this Court's subject matter jurisdiction. Thus, while the R&R couched that determination in terms of § 1915(e)(2), the same result would obtain on a sua sponte determination of subject-matter jurisdiction generally.

That being said, the difference between those two paths may matter in one regard. While courts can dismiss matters sua sponte under § 1915(e)(2) without providing leave to amend, that is not always true outside that context. *See, e.g.*, *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (noting a court ordinarily "may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint"). Thus, if concerns regarding subject-matter jurisdiction fall outside § 1915(e)(2)'s scope, it is perhaps possible that Howard would be entitled to leave to amend. The Court concludes that it need not decide that question, however, as here, any amendment would be futile. The Court cannot conceive of a set of allegations, consistent with those in Howard's Complaint, that would allow Howard to overcome the jurisdictional deficiencies the R&R identified. On the face of the Complaint, Howard asserts federal question jurisdiction (*see* Doc. 3, #105), but as the R&R noted, there is no conceivable federal question here (*see* R&R, Doc. 4, #201). And, as for diversity, not only does Howard's Complaint fail to assert that as a basis for jurisdiction, but that same Complaint also identifies Howard as an Ohio resident (and thus almost certainly an Ohio citizen),[2] while the entity she purports to name as a defendant—Good Samaritan Hospital—is not

---

[2] Indeed, "the law affords a rebuttable presumption that a person's residence is [her] domicile." *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 390 (6th Cir. 2016) (citing *D.C. v. Murphy*, 314 U.S. 441, 455 (1941)).

actually an entity at all, but rather part of TriHealth, Inc., an Ohio corporation according to information on the Ohio Secretary of State's website, of which the Court takes judicial notice. *See Tocci v. Antioch Univ.*, 967 F. Supp. 2d 1176, 1193 n.6 (S.D. Ohio 2013) (taking judicial notice of information on Ohio Secretary of State website for purpose of analyzing corporate citizenship) (citing *Arvest Bank v. Byrd*, 814 F. Supp. 2d 775, 787 (W.D. Tenn. 2011)). Thus, even if Howard could allege an amount in controversy greater than $75,000, which is itself questionable, complete diversity is lacking. (*See* R&R, Doc. 4, #200). In sum, leave to amend would be an exercise in futility. Thus, the Court agrees that dismissal is warranted, and that Howard should not have leave to amend.

But that still leaves one last issue. A dismissal for lack of jurisdiction generally should be made without prejudice, as it is not a determination on the merits. *See* Fed. R. Civ. P. 41(b); *see also, e.g.*, *Carmichael v. City of Cleveland*, 571 F. App'x 426, 437 (6th Cir. 2014) ("Because the district court lacked subject-matter jurisdiction, dismissal should have been without prejudice."). To be sure, this dismissal on jurisdictional grounds means that Howard cannot refile her action in *federal* court. But labeling the dismissal as "with prejudice" could be interpreted to have preclusive effect on Howard's ability to refile her claim in *state* court, which is the proper venue for her claim, if anywhere.

At bottom, the Court agrees that the proper course is to dismiss Howard's Complaint, but concludes that the dismissal should be without prejudice. Thus, the Court **ADOPTS** the R&R (Doc. 4) to the extent that the Court **DISMISSES** Howard's

7

Complaint (Doc. 3), but the Court does so **WITHOUT PREJUDICE**. The Court further **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on the Court's docket.

    **SO ORDERED.**

January 10, 2021
**DATE**

    **DOUGLAS R. COLE**
    **UNITED STATES DISTRICT JUDGE**